UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA PRATT,                          )
        Plaintiff,                )
                                       )    No. 1:10-cv-438
-v-                                    )
                                       )    HONORABLE PAUL L. MALONEY
COMMISSIONER OF SOCIAL SECURITY,       )
        Defendant.                )
_____)

## **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

     Before this court is a Report and Recommendation issued by Magistrate Judge Scoville (ECF No. 10) recommending that the court affirm the Commissioner of Social Security's decision to deny social security disability benefits to Plaintiff Sheila Pratt. Ms. Pratt has filed timely objections to the magistrate judge's recommendation. (ECF No. 11.) For the reasons discussed below, the court accepts the Report and Recommendation and affirms the Commissioner's decision.

**I.**     **STANDARD OF REVIEW**

     Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**II.     DISCUSSION**

Ms. Pratt objects to the ALJ's ruling on three main grounds. The court will address each set of objections in turn.

    **A.     The ALJ's Allegedly Inconsistent Findings**

Ms. Pratt first repeats her argument to the magistrate judge that the ALJ's hypothetical question to the vocational expert failed to incorporate mental limitations that the ALJ had already found her to have. In particular, Ms. Pratt points to the ALJ's statement that "[w]ith regard to concentration, persistence, or pace, the claimant had moderate difficulties." (A.R. 20.) She argues that this is inconsistent with the ALJ's residual functional capacity findings, which included (in relevant part) a finding that Ms. Pratt can perform "simple, repetitive tasks." (A.R. 25, 67.) Ms. Pratt argues that repetitive tasks require persistence and are not necessarily done slowly, and so the "simple, repetitive tasks" limitation does not fully account for the ALJ's earlier finding.

This argument ignores the import of the conjunction used in the ALJ's finding. The ALJ stated that Ms. Pratt had moderate difficulties regarding "concentration, persistence, *or* pace"—that is, regarding at least one of those areas, but not necessarily all three.[1] Ms. Pratt could suffer only from poor concentration and still make the ALJ's statement true. Thus, even if the court accepted Ms. Pratt's assertion that "moderate" difficulties with persistence and pace are inconsistent with a finding that she can still perform "simple, repetitive tasks," she would have failed to prove that the ALJ's statements are inconsistent.

Ms. Pratt's remaining objections in this section are all based on the premise that the ALJ

---

[1]This phrase comes directly from the set of "listed impairments" which, if satisfied, would automatically qualify a claimant for disability payments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.08.

made inconsistent findings. Because the court finds the premise false, these objections necessarily fail as well. Ms. Pratt's objections on this point are therefore OVERRULED.

### B.    Substantial Evidence

Second, Ms. Pratt argues that there was not substantial evidence to support the ALJ's ruling. Her argument appears to focus on the Residual Functional Capacity assessment performed by Daniel Dolanski, D.O., in August 2004. (*See* A.R. 386–94.) Dr. Dolanski does not appear to have examined Ms. Pratt in person. Instead, he based his assessment on a review of her medical records. Based on this review, Dr. Dolanski opined that Ms. Pratt could stand, walk, and sit for six hours out of an eight-hour day, so long as she was allowed to alternate between these positions. (A.R. 387.) He found that she could "frequently" lift up to 10 pounds and only "occasionally" up to 20 pounds. (*Id.*) Dr. Dolanski found no other limitations with Ms. Pratt's left arm, but further limited her right-arm work. According to Dr. Dolanski, Ms. Pratt could "frequently" reach with her right arm only below the shoulder; she could only reach overhead with that arm "occasional[ly]." (A.R. 389.)

The ALJ's residual-functional-capacity determination shares many of the same limitations as Dr. Dolanski's opinion. In concluding that Ms. Pratt was able to perform "less than the full range of light work," the ALJ found that she could carry 20 pounds occasionally and 10 pounds frequently. She could stand, walk, and sit for about six hours out of an eight-hour workday, so long as she could periodically alternate positions for 1–2 minutes per hour. The ALJ also found that Ms. Pratt should avoid climbing, constant pushing or pulling with her legs, and situations that involve vibrating her right arm. (A.R. 21.) But as Ms. Pratt admits, the ALJ went further than Dr. Dolanski in finding that she could perform no work involving her right arm. (*Id.*)

"Pursuant to 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported

by substantial evidence." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A reviewing court does not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). So long as the Commissioner's decision is supported by substantial evidence, this court must affirm, even if substantial evidence also supports the opposite conclusion and even if the court would have decided the matter differently. *See Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

Despite this difficult standard of review, Ms. Pratt argues that Dr. Dolanski's assessment does not provide "substantial evidence" supporting the ALJ's findings. She asserts that Dr. Dolanski's opinion is "contradicted by all the other evidence in the case," and she discusses in detail several specific pieces of evidence that allegedly contradict these findings. Ms. Pratt made much the same argument to the magistrate judge. To the extent that Ms. Pratt simply repeats her earlier arguments, without specifically pointing to errors in the magistrate judge's R&R, she has not properly objected and the R&R will stand. Otherwise, the court will address Ms. Pratt's specific objections in turn before addressing the ultimate question of "substantial evidence."

First, however, one point must be addressed. Ms. Pratt frames her argument as an attack on the credibility of Dr. Dolanski's assessment. By doing so, she apparently hopes to discredit his opinion as a whole, removing it from the pool of evidence in the case. This is an incorrect framing. The ALJ did not rely solely on Dr. Dolanski's opinion in denying Ms. Pratt's claim. He did not even find the same set of limitations as Dr. Dolanski did. The proper objection here, as in all social-

4

security appeals, is to the Commissioner's decision, not to the opinion of one reviewing doctor. Essentially, Ms. Pratt seeks to leverage what she considers the bulk of the evidence, first using it to exclude contradictory evidence, then arguing that the only remaining evidence supports her opinion. This subverts the proper standard here, and the court will therefore treat Ms. Pratt's claims as arguments that the ALJ's ruling is not based on substantial evidence.

### 1. *Physical Therapist Brett Ransom*

Ms. Pratt first points to an evaluation performed by physical therapist Brett Ransom. (A.R. 669–76.) Mr. Ransom concluded that Ms. Pratt could lift only 10 pounds and that she had to sit 1/3 of the day and stand the other 2/3, whereas the ALJ found that Ms. Pratt could lift 10 pounds frequently and 20 occasionally and that she could stand or sit 3/4 of the time. Both the ALJ and the magistrate judge gave Mr. Ransom's opinion little weight, however, as it was performed after the relevant time frame. Ms. Pratt does not object to this, only noting that the opinion must still be considered. But neither the ALJ nor the magistrate judge claimed to entirely discount this opinion. To the extent Ms. Pratt objects to the magistrate judge's use of this evaluation, her objection is OVERRULED.[2]

### 2. *Dr. Grant Hyatt*

Ms. Pratt also points to the opinion of Dr. Grant Hyatt, who examined her in January 2007. Dr. Hyatt opined that Ms. Pratt should be restricted to carrying no more than 3–5 pounds in her right arm and that she should avoid "extensive or repetitive use" of that arm above mid-chest level and

---

[2] Ms. Pratt does object that the magistrate judge improperly raised a new ground on which to reject this opinion—that a physical therapist is not an "acceptable treating source" entitled to consideration. But as Ms. Pratt notes, this was an alternative ground and was not necessary to the magistrate judge's finding. Because its resolution cannot affect the result, this objection is OVERRULED.

5

"any forceful or repetitive pushing or pulling." (A.R. 710.)  Ms. Pratt argues that this recommendation differs from Dr. Dolanski's opinion, and so "the ALJ erred in basing his RFC on [Dr. Dolanski]."

This argument fails.  First, as the magistrate judge correctly noted, the ALJ imposed stricter limitations on Ms. Pratt's right arm than both Dr. Hyatt and Dr. Dolanski recommended.  The ALJ's finding thus was not based on Dr. Dolanski, and any contradiction between the doctors on this point is irrelevant.  Second, it is far from clear that the doctors' opinions are in conflict.  Dr. Dolanski did find that Ms. Pratt could lift 10–20 pounds, but he did not specifically say whether she could do so in her right arm, or even with equal weight on both arms.  That is, Dr. Dolanski's opinion does not specifically say that Ms. Pratt can carry more than five pounds with her right arm alone, and so it may not contradict Dr. Hyatt at all.

Ms. Pratt also argues that the ALJ erred in assuming that Dr. Hyatt examined Ms. Pratt in 2009, rather than 2007, during the relevant time period.  This is true.  The ALJ did err in dating Dr. Hyatt's exam, and he specifically found the exam unrelated to Ms. Pratt's functioning during the time she was insured.  (*See* A.R. 23–24.)  This does not provide a ground for remand, however.  Ms. Pratt failed to raise this ground with the magistrate judge, and so she has waived this claim.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).

Ms. Pratt's objections regarding Dr. Hyatt's opinion are OVERRULED.

### 3. *Treator Disability Opinions*

Next, Ms. Pratt points to four opinions given by her treating physicians that she was unable to work. Ms. Pratt's argument focuses on the Commissioner's decision, arguing that the ALJ mishandled these pieces of evidence. Though the magistrate judge addressed these opinions at length in his R&R (*see* ECF No. 10, at 17–23), specifically responding to Ms. Pratt's arguments regarding these opinions, Ms. Pratt fails to object to any specific portion of the magistrate judge's analysis. For this reason, she has waived any objection to the magistrate judge's R&R. Further, this court finds no error in the magistrate judge's discussion of this evidence. Ms. Pratt's objections, to the extent they have not been waived, are therefore OVERRULED.

### 4. *Substantial Evidence*

As noted above, Ms. Pratt's arguments in this section claim that Dr. Dolanski's opinion does not constitute substantial evidence because it is contradicted by other evidence in the record. This court has already rejected this argument as contrary to the proper standard of review. Ms. Pratt's objection is therefore OVERRULED to this extent. Instead, the proper question here is whether the ALJ's decision was supported by substantial evidence. The magistrate judge determined that the ALJ's opinion was not based solely on Dr. Dolanski's opinion, but rather incorporated elements of Dr. Bizzigotti's opinion as well. Based on his survey of the record, the magistrate judge found that the ALJ's decision was adequately supported. Ms. Pratt's objections here provide no basis for this court to disagree. They are therefore OVERRULED.

### C.     Ms. Pratt's Credibility

Finally, Ms. Pratt argues that both the ALJ and the magistrate judge erred in finding her testimony less than fully credible. In his decision, the ALJ applied the proper two-step analysis required for evaluating a claimant's alleged symptoms. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); 20 C.F.R. § 404.1529. First, the ALJ looked to the medical record. He found that Ms. Pratt's claimed symptoms could reasonably be caused by her documented medical impairments, satisfying the first prong of the test. (A.R. 21.) Then, the ALJ looked to whether Ms. Pratt's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms" were credible. (A.R. 21–22.) Based on the evidence in the record, the ALJ found that her statements were not fully credible. The ALJ discussed several points on which Ms. Pratt's testimony did not match up with the rest of the record. For instance, the ALJ noted, Ms. Pratt's treating doctors "have never been able to account for the alleged degree of pain" in her right arm, and that "it would appear the claimant's alleged symptoms and limitations are out of proportion to the objective findings." (*Id.* at 22.) Further, though Ms. Pratt claims that her medication is causing stomach problems, her doctors had in the past addressed similar problems when they became serious, suggesting that her side effects are not now "significant." (*Id.*) Similarly, the ALJ found that Ms. Pratt's claimed sleeping problems "are not supported by the medical record or the comments of her treating doctors" as of the relevant time period. (*Id.*)

Ms. Pratt asserts that this determination—and the magistrate judge's R&R affirming it—was error. She argues that an ALJ may discount a claimant's allegations only when the allegations affirmatively contradict other evidence in the record. The ALJ's discussion, she argues, did not show any such contradictions; at most, it showed only a lack of corroboration, which is insufficient.

8

As with much of this area of law, the ALJ's credibility analysis is guided by regulation. Here, 20 C.F.R. § 404.1529 provides a detailed description of how ALJs are to evaluate a claimant's alleged symptoms. The regulation states repeatedly that the ALJ is to "consider *all* of the available evidence" in the record: "medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others," and so on. 20 C.F.R. § 404.1529 (emphasis added). The ALJ's basic goal, to "evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities," is a broad one. *Id.* This task is largely left to the ALJ's discretion, and reviewing courts give great deference to an ALJ's weighing of this evidence. *See Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 417 (6th Cir. 2011) ("[A]n ALJ's credibility assessment will not be disturbed absent compelling reason.") (internal quotation marks omitted).

But "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4). "Rather, such determinations must find support in the record." *Id.* In particular, the relevant regulation specifically notes that the ALJ should consider whether subjective symptoms are "consistent with the . . . evidence":

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.

20 C.F.R. § 404.1529©.

This sentence is the cornerstone of Ms. Pratt's argument. She points out the mandatory

9

language—claimed symptoms "will be taken into account" so long as they are "consistent" with the record. "Consistent" does not mean "corroborated," Ms. Pratt argues, and so a mere lack of corroboration is not enough to discount her claimed symptoms. The ALJ must accept her testimony, therefore, unless he can find an actual contradiction between her testimony and the other evidence on record.

This argument stretches the language of this regulation too far. First, the regulation only says that consistent symptoms will be "taken into account," not that they will be accepted as fact. Indeed, the regulation further details the ALJ's accounting process in paragraph (c)(4). That paragraph, as the magistrate judge noted, describes the ALJ's duty in terms less strict than Ms. Pratt's argument suggests:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the . . . evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence . . . . Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

*Id.* § 404.1529(c)(4). The wording used here—"consider your statements," "evaluate your statements in relation to the . . . evidence," "the extent to which there are any conflicts"—suggest a subtle and complex weighing process, rather than Ms. Pratt's crude dichotomy. The regulation elsewhere suggests the same, noting in an earlier paragraph that extrinsic evidence can be an "important indicator of the intensity and persistence of [a claimant's] symptoms." *Id.* § 404.1529(c)(3).

Sixth Circuit case law similarly suggests that this language should not be read as strictly as Ms. Pratt does. In *Rogers v. Commissioner*, the court stated, "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints 'based on a consideration of the entire case record.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). While the court confirmed that consistency is important, it did not find it dispositive: "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248. In another oft-cited case, the court noted that "[t]he absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). If Ms. Pratt's argument were correct, the absence of sufficient objective medical evidence would virtually require the Commissioner to find the claimant credible. Yet the Sixth Circuit instead reaffirmed the Commissioner's broad discretion in such a situation.

For her part, Ms. Pratt cites to an unpublished Sixth Circuit decision for the proposition that "where there are no inconsistencies or conflicting testimony regarding complaints to doctors with respect to the pain, a finding of lack of credibility is not warranted." *Garland v. Shalala*, 78 F.3d 584 (6th Cir. 1996) (unpublished table decision). Ms. Pratt only quotes part of the court's statement, however; the full version is much less supportive of her point: "Moreover, where there are no valid reasons for disbelieving a claimant's allegations of pain, such as where there are no inconsistencies

11

or conflicting testimony regarding complaints to doctors with respect to the pain, a finding of lack of credibility is not warranted." *Id.* This is a dispute about what counts as a "valid reason." Ms. Pratt would essentially limit it to the two examples given in this decision, but she fails to show why such a narrow reading is the correct one.

Ms. Pratt further argues that a "contradiction" requirement is necessary because the alternative—dismissing subjective symptoms like pain unless they are corroborated—would be impossible to meet. No device exists that can measure the subjective magnitude of pain, she argues, and so there is no way for her to satisfy the ALJ's test.

This argument fails for two reasons. First, Ms. Pratt goes too far in referring to the ALJ and magistrate judge's position as a "corroboration requirement." Neither the ALJ nor the magistrate judge held that a claimant's uncorroborated allegations *must* be rejected. Instead, they operated under a looser rule: a claimant's allegations of pain *may* be found not credible where they are not consistent with other evidence in the record. This rule sets up no "requirement." Only Ms. Pratt's proposed interpretation includes a requirement—in her case, a requirement that without direct contradiction (contradiction which she admits is impossible to show), a claimant's unsupported allegations must be accepted as true.

But even if Ms. Pratt's premises were accepted, her argument proves too much. If medical technology cannot measure subjective pain, then it can neither corroborate nor contradict a claimant's allegations of disabling pain. Under Ms. Pratt's argument, this would require the ALJ to accept those allegations, leaving any claimant's allegations virtually impossible to reject. This cannot be the result intended by the regulation. Instead, this thought experiment only shows the absurdity of a bright-line test in this situation, further demonstrating the reasonableness of the broad,

12

discretionary standard actually set out in section 404.1529.

Contrary to Ms. Pratt's claim, the text of 20 C.F.R. § 404.1529 does not require an ALJ to fully accept a claimant's testimony unless it is directly contradicted by objective evidence in the record. The regulation, which admits that such direct contradiction will be hard to come by, as "symptoms, such as pain, are subjective and difficult to quantify," instead sets up a looser standard. This analysis is not unbounded, however. The regulation clearly states that an ALJ "will not reject your statements . . . solely because the available objective medical evidence does not substantiate your statements." *Id.* § 404.1529(c)(2). But the ALJ here did not do that. He examined the record and set out a logical set of reasons for believing that Ms. Pratt's symptoms were not as severe as she claimed. On the basis of that reasoned analysis, the ALJ then declined to fully accept Ms. Pratt's claims. Ms. Pratt has not shown that the ALJ's analysis was legally deficient or not based on substantial evidence, and so her objections to the ALJ's credibility determination are hereby OVERRULED.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 10) is **ADOPTED**, over objections, as the opinion of this court. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Date:  November 19, 2012                         /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge